CORRECTED

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0462V
UNPUBLISHED

|  |  |
|---|---|
| KELLY MOX,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: July 26, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Tetanus Diphtheria<br>acellular Pertussis (Tdap) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*

*Kimberly Shubert Davey, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

On April 20, 2020, Kelly Mox filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA) as a result of a Tdap vaccine administered to her on January 10, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 26, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Specifically, Respondent agrees that Petitioner had no history of pain, inflammation, or dysfunction in her left shoulder; Petitioner's pain and reduced range of motion occurred within 48 hours of receipt of an intramuscular vaccination; Petitioner's symptoms were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain Petitioner's symptoms. *Id.* at 9.  Respondent further agrees that Petitioner has satisfied the statutory requirement that a petitioner's injury must last for at least six months as required by 42 U.S. C. § 300aa-11(c)(1)(D)(i). *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master